UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JESSE GREENBERG, ) | |
| ) | |
| Petitioner, ) | 3:08-cv-0636-ECR-RAM |
| ) | |
| vs. ) | |
| ) | ORDER |
| BILL DONAT, *et al.*, ) | |
| ) | |
| Respondents. ) | |

This action is a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Jesse Greenberg, a Nevada prisoner. Before the Court is respondents' motion to dismiss (docket #11) and petitioner's motion for appointment of counsel (docket #19)

**I. Procedural History**

On October 20, 2004, petitioner was charged by amended information in the Eighth Judicial District Court for Clark County with burglary (count I), grand larceny (count II), two counts of possession of stolen property (counts III and IV), and possession of burglary tools (count V) after waiving his right to a preliminary hearing. Exhibits 2 and 6.[1] A jury trial was held on April 25 and 26, 2005. Exhibits 11 and 12. The jury convicted the petitioner as charged. Exhibit 12. On June 9, 2005, the state district court sentenced petitioner as a habitual criminal to life imprisonment with

---

[1] The exhibits cited in this order in the form "Exhibit ___," are those filed by respondents in support of their motion to dismiss, and are located in the record at docket #11.

parole eligibility in ten years for counts I, II, III, and IV, all to run concurrently. Exhibit 13. The court sentenced petitioner to time served on count V. *Id.* A judgment of conviction was entered on July 6, 2005. Exhibit 14.

Petitioner appealed, arguing (1) the district court erred in denying petitioner's motion for substitution of counsel; and (2) the district court violated petitioner's Fifth, Sixth, and Fourteenth Amendment rights when it failed to send the jury back to deliberate after it returned a verdict of not guilty on alternative counts. Exhibits 15 and 17. On July 6, 2006, the Nevada Supreme Court affirmed the judgment of conviction. Exhibit 21. Remittitur issued on August 2, 2006. Exhibit 22.

Petitioner filed a motion to correct illegal sentence with the district court on October 12, 2006, alleging that his habitual criminal sentences were illegal. Exhibit 23. The state district court denied the motion to correct illegal sentence. Exhibit 26. On April 24, 2007, the Nevada Supreme Court affirmed the lower court's denial of the motion. Exhibit 28. Remittitur issued on May 22, 2007. Exhibit 29.

Petitioner then filed a state habeas corpus petition on July 24, 2007, alleging six grounds for relief. Exhibit 30. The state district court denied the petition, and the Nevada Supreme Court affirmed the denial on appeal. Exhibits 34-36. Remittitur issued on December 16, 2008. Exhibit 37.

Petitioner mailed a federal habeas corpus petition to this Court on December 3, 2008 (docket #7). Respondents have moved to dismiss the petition, arguing ground one fails to state a federal issue and grounds five, six, and seven are procedurally defaulted (docket #11). Petitioner opposes the motion to dismiss (docket #15).

**II.  Motion for Appointment of Counsel**

Petitioner has filed a fourth motion for appointment of counsel (docket #19). The Court previously denied three prior motions for appointment of counsel (docket #6, #14, and #17). There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.

1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. See *Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

The petition on file is sufficiently clear in presenting the issues. Furthermore, petitioner has shown that he has the ability to litigate this case, as he has filed many pleadings and motions with the assistance of an inmate law clerk. The appointment of counsel is not justified in this instance. The Court will deny the motion for appointment of counsel.

**III.  Motion to Dismiss**

   **A.  Failure to State a Federal Claim**

In ground one petitioner alleges that his Fifth and Fourteenth Amendment due process rights were violated when the trial court denied his motion to substitute counsel. Petitioner argues that the state district court failed to conduct the three-part inquiry required by *Young v. State*, 102 P.3d 572 (Nev. 2004). Respondents argue that petitioner fails to state a federal claim, because petitioner is essentially asking this Court to review the Nevada Supreme Court's application of its own case law.

When a state interprets its own laws or rules, no basis for federal habeas corpus relief is presented, as no federal constitutional question arises. *Burkey v. Deeds*, 824 F. Supp. 190, 192 (D. Nev. 1993) (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)); *Oxborrow v. Eikenberry*, 877 F.2d 1395 (9th Cir. 1999) ("errors of state law do not concern us unless they rise to the level of a constitutional violation"). Moreover, a state law issue cannot be mutated into one of federal constitutional law merely by invoking the specter of a due process violation. *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996), *cert. denied*, 522 U.S. 881 (1997). Petitioner must demonstrate the existence of federal constitutional law which establishes the right in question.

While petitioner only cites to *Young v. State*, 102 P.3d 572 (Nev. 2004) and thus appears to ask this Court to review the state court's interpretation of Nevada law, *Young* actually relies on *United States v. Moore*, 159 F.3d 1154 (9th Cir. 1998) for the three-part test that determines whether there is an irreconcilable conflict with counsel and thus counsel should be dismissed. Petitioner has a constitutional right to have counsel that does not labor under an actual conflict of interest. *Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980). To compel a criminal defendant to undergo trial with an attorney "with whom he has become embroiled in irreconcilable conflict is to deprive...[a criminal defendant] of the effective assistance of counsel." *Schell v. Witek*, 218 F.3d 1017, 1025 (9th Cir. 2000) (citing *Brown v. Craven*, 424 F.2d 1166 (9th Cir. 1970)).

Petitioner's claim is that the trial court improperly denied his motion to substitute counsel as counsel had a conflict of interest. The United States Supreme Court has determined that a criminal defendant has a right to conflict-free counsel. Moreover, the state court's determination regarding the three-part test was not merely an application of Nevada law to the issue at bar. It appears that petitioner has stated a sufficient federal claim, and respondents will be required to answer ground one.

### B. Procedural Default

#### 1. General Procedural Default Principles

Generally, in order for a federal court to review a habeas corpus claim, the claim must be both exhausted and not procedurally barred. *Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003). Procedural default refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds rather than denying the claim on the merits. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). The *Coleman* Court stated the effect of a procedural default as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal

> habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner*, 328 F.3d at 1046.

**2. Procedural Default in the State Court**

Respondents argue grounds five, six, and seven were procedurally defaulted in the state court. In ground five petitioner alleges that his Fifth, Sixth, and Fourteenth Amendment rights were violated when the state failed to gather and preserve materially exculpatory evidence. In his sixth ground for relief petitioner contends that his Fifth and Fourteenth Amendment due process rights were violated as there is insufficient evidence to support the conviction of grand larceny. Finally, in ground seven petitioner argues that his Sixth and Fourteenth Amendment rights were violated when the state district court imposed habitual criminal sentences.

Petitioner raised the instant grounds in his state habeas corpus petition as ineffective assistance of appellate counsel claims, and as freestanding claims of trial court error. Exhibit 30. On appeal the Nevada Supreme Court stated, in a footnote after discussing petitioner's claims that appellate counsel was ineffective for failing to raise these grounds on appeal, the following:

> In addition to claiming that appellate counsel was ineffective for failing to include these claims in his direct appeal, appellant also presented these claims as direct appeal claims for the first time in this petition. Such claims are procedurally barred absent a demonstration of good cause and prejudice. *See* NRS 34.810(1)(b)(2). Because we conclude that appellant's claims of ineffective assistance of appellate counsel are without merit, we conclude that appellant did not demonstrate good cause for raising these claims in the petition. Nor has he demonstrated prejudice. Therefore, the district court did not err in denying these claims.

Exhibit 36 at 9, n. 24. It appears that grounds five, six, and seven were procedurally defaulted in the state court.

**3. The Procedural Default Was an Independent and Adequate State Law Ground for the Nevada Supreme Court's Disposition of Petitioner's Claims**

5

1    For the procedural default doctrine to apply, "a state rule must be clear, consistently
2 applied, and well-established at the time of the petitioner's purported default." *Wells v. Maass*, 28
3 F.3d 1005, 1010 (9th Cir. 1994). *See also Calderon v. United States District Court (Bean)*, 96 F.3d
4 1126, 1129 (9th Cir. 1996). NRS 34.810 has been held to be an independent and adequate state
5 procedural rule that will bar federal review. *See Vang v. Nevada*, 329 F.3d 1069, 1074-75 (9th Cir.
6 2003) (noting NRS 34.810 has been held to be an inadequate state ground in capital cases but finding
7 NRS 34.810 an independent and adequate ground in non-capital cases); *Bargas v. Burns*, 179 F.3d
8 1207 (9th Cir. 1999). This Court finds that the Nevada Supreme Court's holding that grounds five,
9 six, and seven were procedurally defaulted as they should have been raised on direct appeal, was an
10 independent and adequate ground for the denial of these claims.

**4. Cause and Prejudice**

12    To overcome a procedural default, a petitioner must establish either (1) "cause for the
13 default and prejudice attributable thereto," or (2) "that failure to consider [his defaulted] claim[s]
14 will result in a fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989)
15 (citations omitted). Cause to excuse a procedural default exists if a petitioner can demonstrate that
16 some objective factor external to the defense impeded the petitioner's efforts to comply with the
17 state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991); *Murray v. Carrier*, 477 U.S.
18 478, 488 (1986). The prejudice that is required as part of the showing of cause and prejudice to
19 overcome a procedural default is "actual harm resulting from the alleged error." *Vickers v. Stewart*,
20 144 F.3d 613, 617 (9th Cir. 1998); *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984).

21    Petitioner first argues that his claims were not procedurally defaulted because the
22 Nevada Supreme Court addressed them on the merits as well as finding them defaulted. The Ninth
23 Circuit Court of Appeals has stated that "if it is unclear whether the state court dismissed...[a]
24 petition because of a state law procedural default or on the merits of the petitioner's federal
25 constitutional claims, a federal court may review the merits of the claims presented." *Loveland v.*
26 *Hatcher*, 231 F.3d 640, 643 (9th Cir. 2000) (citing *Siripongs v. Calderon*, 35 F.3d 1308, 1317 (9th

Cir. 1994). In the instant case the Nevada Supreme Court did not address the merits of grounds five, six, and seven. The court addressed the merits of petitioner's ineffective assistance of appellate counsel claims, and found the separate claims of trial court error were procedurally defaulted. Therefore, this Court cannot address the merits of the claims unless petitioner can show cause and prejudice for the default.

Petitioner contends that he can show cause for the default and a resulting prejudice. Petitioner argues that appellate counsel was ineffective for failing to raise the claims on direct appeal. Ineffective assistance of counsel may satisfy the cause requirement to overcome procedural default only if the independent claim of ineffective assistance of counsel itself has been exhausted in state court. *Murray*, 477 U.S. at 488-89. Petitioner has exhausted the independent ineffective assistance of appellate counsel claims. Therefore, to establish prejudice based on the deficient assistance of appellate counsel, petitioner must show that the omitted issue would have a reasonable probability of success on appeal. *Smith v. Robbins*, 52 U.S. 259, 285 (2000); *Turner v. Calderon*, 281 F.3d 851, 872 (9th Cir. 2002).

Petitioner has not shown that the omitted claims had a reasonable probability of success on the merits. In ground five petitioner alleges his Fifth, Sixth, and Fourteenth amendment rights were violated when the state failed to gather and preserve exculpatory evidence, namely, the camcorders and laptop that were found on him. Petitioner states that without the actual items the value of the items could not be established, and thus he could not be properly convicted of grand larceny. In ground six petitioner argues that there was insufficient evidence to convict him of grand larceny.

Petitioner raised grounds five and six as an ineffective assistance of appellate counsel claim in the state court as well. On appeal the from the lower court's denial the Nevada Supreme Court stated the following:

> Appellant claimed that appellate counsel was ineffective for failing to communicate with him about his appeal and failing to raise certain claims on direct appeal. First, appellant claimed that appellate counsel was ineffective for failing to raise a claim that he was denied his due process

7

> rights when the State failed to keep the two camcorders and the computer that he had stolen, and instead returned these items to their rightful owners. Specifically, appellant claims that those items were necessary to establish an element of the offense; namely, the value of the stolen goods. Appellant claimed that the total value of those items was less than $250.00, and thus that the evidence was exculpatory because it would have established that he was guilty of a misdemeanor rather than a category C felony. [fn 18: *See* NRS 205.275(2).] Appellant failed to demonstrate that he was prejudiced. In order to support a conviction for felony possession of stolen property, the prosecution must establish, beyond a reasonable doubt, that the stolen goods had a fair market value over $250.00. [fn 19: *Bryant v. State*, 114 Nev. 626, 629-30, 959 P.2d 964, 966 (1998).] There is no requirement that the goods themselves be produced at trial. [fn 20: In fact, NRS 205.290 requires that all property found "in the possession of any receiver or wrongful possessor of stolen property, shall be restored to the owner." ] Multiple witnesses described the stolen property. Moreover, testimony at trial established that the two camcorders had a combined market value of at least $700.00 and the laptop computer had a fair market value of at lest $1,500.00 dollars [sic]. Because there was sufficient evidence to support the jury's conclusion that the value of the stolen property exceeded $250.00, we conclude that appellant failed to demonstrate that this claim had a reasonable probability of success on appeal. Therefore, the district court did not err in denying this claim.

Exhibit 36. The Nevada Supreme Court's determination is not objectively unreasonable. There is not a reasonable probability that had grounds five and six been raised on direct appeal that the outcome of the appeal would have been different. Although the state did not "preserve" the camcorders and laptop, in that they returned the items to the owner, there was testimony at trial that established that the items had a fair market value above $250.00. Exhibits 11 and 12. Petitioner has not met the standard for showing ineffective assistance of appellate counsel as cause for procedural default.

In ground seven petitioner alleges that his Sixth and Fourteenth Amendment rights were violated when the state district court improperly imposed a habitual criminal sentence, in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Petitioner raised this claim as an ineffective assistance of appellate counsel claim in the state court, and the Nevada Supreme Court affirmed the lower court's denial of the claim, stating:

> Finally, appellant claimed that appellate counsel was ineffective for failing to raise a claim that his habitual criminal enhancement was unconstitutional because it was not determined by a jury pursuant to the United States Supreme Court's decision in *Apprendi v. New Jersey*. [fn 22:

8

> 530 U.S. 466 (2000)] Appellant failed to demonstrate that he was prejudiced. This court has previously decided that Nevada's habitual criminal statute does not violate *Apprendi*. [fn 23: *See O'Neill v. State*, 123 Nev. 9, 17, 153 P.3d 38, 43 (2007).] Accordingly, appellant failed to demonstrate that this claim had a reasonable probability of success on appeal.

Exhibit 36. The Nevada Supreme Court's determination is not objectively unreasonable. The United States Supreme Court held, in *Apprendi*, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 540 U.S. at 490. In the instant case, petitioner's sentence was not increased due to any fact other than his prior convictions. Furthermore, the Ninth Circuit has stated, in *Tilcock v. Budge*, 538 F.3d 1138 (9th Cir. 2008), that Nevada's habitual criminal statute does not violate *Apprendi*. Petitioner has not shown that there is a reasonable probability that had ground seven been raised on direct appeal that the outcome of the appeal would have been different. Petitioner has not met the standard for showing that ineffective assistance of appellate counsel is cause for the procedural default.

Petitioner has not shown cause and prejudice or a fundamental miscarriage of justice, therefore the court will dismiss grounds five, six, and seven.

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (docket #11) is **GRANTED IN PART AND DENIED IN PART**. The Court finds that grounds five, six, and seven are procedurally defaulted.

**IT IS FURTHER ORDERED** that grounds five, six, and seven are **DISMISSED**.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel (docket #19) is **DENIED**.

///
///
///
///
///

9

**IT IS FURTHER ORDERED** that, no later than **November 23, 2009**, respondents shall file and serve an answer to the remaining claims in the habeas corpus petition. Petitioner shall have thirty days thereafter to file a reply to the answer.

Dated this 23rd day of September, 2009.

*Edward C. Reed*
_____
UNITED STATES DISTRICT JUDGE