1

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**

7                           **DISTRICT OF NEVADA**

8
     JESSE GREENBERG,                     )
9                                         )
                     Petitioner,          )        3:08-cv-0636-ECR-RAM
10                                        )
     vs.                                  )
11                                        )        ORDER
     BILL DONAT, *et al.*,                )
12                                        )
                                          )
13                   Respondents.         )
     _____/

14

15          This action is a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by

16   Jesse Greenberg, a Nevada prisoner.  Before the Court is respondents' answer and petitioner's reply.

17   **I.      Procedural History**

18          On October 20, 2004, petitioner was charged by amended information in the Eighth

19   Judicial District Court for Clark County with burglary (count I), grand larceny (count II), two counts

20   of possession of stolen property (counts III and IV), and possession of burglary tools (count V) after

21   waiving his right to a preliminary hearing.  Exhibits 2 and 6.[1]  A jury trial was held on April 25 and

22   26, 2005.  Exhibits 11 and 12.  The jury convicted the petitioner as charged.  Exhibit 12.  On June 9,

23   2005, the state district court sentenced petitioner as a habitual criminal to life imprisonment with

24   parole eligibility in ten years for counts I, II, III, and IV, all to run concurrently.  Exhibit 13.  The

25

26          [1] The exhibits cited in this order in the form "Exhibit ___," are those filed by respondents in
     support of their motion to dismiss, and are located in the record at docket #11.

1  court sentenced petitioner to time served on count V. *Id.* A judgment of conviction was entered on

2  July 6, 2005. Exhibit 14.

3         Petitioner appealed, arguing (1) the district court erred in denying petitioner's motion

4  for substitution of counsel; and (2) the district court violated petitioner's Fifth, Sixth, and Fourteenth

5  Amendment rights when it failed to send the jury back to deliberate after it returned a verdict of not

6  guilty on alternative counts. Exhibits 15 and 17. On July 6, 2006, the Nevada Supreme Court

7  affirmed the judgment of conviction. Exhibit 21. Remittitur issued on August 2, 2006. Exhibit 22.

8         Petitioner filed a motion to correct illegal sentence with the district court on October

9  12, 2006, alleging that his habitual criminal sentences were illegal. Exhibit 23. The state district

10  court denied the motion to correct illegal sentence. Exhibit 26. On April 24, 2007, the Nevada

11  Supreme Court affirmed the lower court's denial of the motion. Exhibit 28. Remittitur issued on

12  May 22, 2007. Exhibit 29.

13         Petitioner then filed a state habeas corpus petition on July 24, 2007, alleging six

14  grounds for relief. Exhibit 30. The state district court denied the petition, and the Nevada Supreme

15  Court affirmed the denial on appeal. Exhibits 34-36. Remittitur issued on December 16, 2008.

16  Exhibit 37.

17         Petitioner mailed a federal habeas corpus petition to this Court on December 3, 2008

18  (docket #7). Respondents moved to dismiss the petition (docket #11). The court determined that

19  grounds five, six, and seven had been procedurally defaulted in state court and directed respondents

20  to answer the remaining claims. Based on the following discussion, the court finds that the petition

21  shall be denied.

22  **II.    Legal Standard for Habeas Review**

23         Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. §

24  2254(d),

25         An application for a writ of habeas corpus on behalf of a person in custody
      pursuant to the judgment of a State court shall not be granted with respect to any

26        claim that was adjudicated on the merits in State court proceedings unless the
      adjudication of the claim –

1

2          (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

3          (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

4

5        Thea AEDPA "modified a federal habeas court's role in reviewing state prisoner

6 applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are

7 given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002).  A state

8 court decision is contrary to clearly established Supreme Court precedent, within the meaning of §

9 2254 "if the state court applies a rule that contradicts the governing law set forth in [the Supreme

10 Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from

11 a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme

12 Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003)*, citing Williams v. Taylor,* 529

13 U.S. 362, 405-406 (2000); *Bell v. Cone,* 535 U.S. 685, 694 (2002).

14        Furthermore, a state court decision is an unreasonable application of clearly

15 established Supreme Court precedent "if the state court identifies the correct governing legal

16 principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of

17 the prisoner's case." *Lockyer,* 538 U.S. at 73.  The "unreasonable application" clause requires the

18 state court decision to be more than merely incorrect or erroneous; the state court's application of

19 clearly established federal law must be objectively unreasonable. *Id.*  The state court's factual

20 determinations are presumed to be correct, and the petitioner has the burden of rebutting that

21 presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

22 **III.    Discussion**

23        Ground One

24        Petitioner's claim is that the trial court improperly denied his motion to substitute

25 counsel as there was an irreconcilable conflict between petitioner and his retained counsel.

26 Petitioner further complains that the court erred in hearing his motion in open court.

1  A criminal defendant has a Sixth Amendment right to conflict free representation.

2  *U.S. v. Moore,* 159 F.3d 1154, 1157 (9th Cir. 1998).  While a criminal defendant is not entitled to a

3  particular lawyer with whom he can have a "meaning ful attorney-client relationship, *Morris v.*

4  *Slappy,* 461 US. 1, 3-4 (1983), if the relationship between an attorney and his client "completely

5  collapses," the failure to appoint new counsel violates the defendant's Sixth Amendment right to the

6  effective assistance of counsel.  *U.S. v. Moore,* 159 F.3d 1158; *Brown V. Craven,* 424 F.2d 1166,

7  1170 (9th Cir. 1970).  In deciding whether counsel should be substituted, the court should consider

8  three factors: (1) the extent of the conflict; (2) the adequacy of the inquiry; and (3) the timeliness of

9  the motion.  *Id.* at 1158-1159.

10  Here, petitioner claims an irreconcilable conflict because his retained counsel,[2] James

11  Buchanan, failed to communicate with him enough, failed to file pre-trial motions, tried to coerce

12  him into accepting a guilty plea and argued with him in open court.  At a hearing less than a week

13  before trial, petitioner made an oral motion for substitution of counsel stating, "Right now I'm

14  unsatisfied with the service I'm getting from Mr. Buchanan.  I'd like to be appointed another

15  counsel."  Exhibit 10, p. 22.  The court asked petitioner what his concerns were and then told

16  petitioner he would not be getting new counsel because it was on the eve of trial.  *Id.*

17  The record reveals that the trial court considered the timeliness of the motion and the

18  extent of the conflict.  The court's inquiry allowed petitioner the opportunity to express his concerns

19  and to identify the inadequacies in counsel's performance.

20  The state court considered this claim on direct appeal.  There the Nevada Supreme

21  Court denied relief applying the same standard as is articulated in *U.S. v. Moore.* The court properly

22  found that petitioner had failed to show a significant breakdown in the attorney-client relationship,

23  particularly where counsel advised the trial court that he had provided and discussed discovery with

24  petitioner, along with potential defense strategies and a pending plea offer.  The Nevada Supreme

25

26  [2] According to the petition, Mr. Buchanan was petitioner's second counsel, having substituted in place of the public defender.

4

1   Court properly found that the trial court's consideration and determination was adequate to justify its

2   decision to deny new counsel on the eve of trial.  No relief is warranted on ground one of the

3   petition.

4                        Ground Two

5                        Petitioner next claims that his right to due process was denied when the trial court

6   improperly dismissed the charge and guilty verdict on the possession of stolen property after the jury

7   mistakenly found petitioner guilty of both the alternative charges of grand larceny and possession of

8   stolen property.  Petitioner contends that the jury was not properly instructed that the two charges

9   were alternatives and they were required to choose only one.   Petitioner contends the court was

10  required to let the jury correct its own error by reconsidering which of the alternative crimes it meant

11  to convict petitioner of committing.

12                       Under Nevada law, a person cannot be convicted of both theft of property and the

13  possession of that same stolen property.  *Stowe v. State,*109 Nev. 743, 746 (1993);  *Point v. State,*

14  102 Nev. 143, 717 P.2d 38, 41  (1986).  Additionally, "[w]here the accused cannot be convicted of

15  both crimes, both convictions are reversible when the reviewing court cannot ascertain what verdict

16  would have been returned by a properly instructed jury."  *Pointe v. State,* 102 Nev 143, 147, 717 P.

17  2d 38, 41 (Nev. 1986) (overturned on other grounds by *Stowe v. State,* 109 Nev. 743, 857 P2d 15

18  (Nev 1993) *citing Milanovich v. U.S.* 365 U.S. 551 555-556 (1961).  However, in this instance, the

19  Nevada Supreme Court properly analyzed the claim, stating:

20                       Greenberg notes that the verdict forms and jury instructions failed
                         to state that the charges involving the stolen camcorder were brought in
21                       the alternative.  Citing to *Milanovich v. United States,* [fn 6 365 U.S. 551
                         (1961) (construing federal statute and concluding that a defendant is
22                       entitled to a new trial when he is convicted of both theft and possession of
                         stolen property).  We note that *Milanovich* has been called into doubt by
23                       *United States v. Gaddis,* 424 U.S. 544 (1976).  *See U.S. v. Brown,* 996
                         F.3d 1049, 1055-56 (19=0th Cir. 1993) ("Every appellate court decision
24                       since *Gaddis* has similarly concluded that a new trial is not required where
                         the defendant is convicted of both theft and possession and both were
25                       properly submitted to the jury." (Citing numerous federal cases.).
                         Greenberg argues that the district court impermissibly usurped the function
26                       of the jurors by speculating on which verdict they actually intended.  We
                         disagree.

5

1

2          This court has recognized that if a defendant is convicted of both a
3   theft offense and possession of stolen property for the same act of theft,
    and "the elements of the greater offense are sufficiently established, the
    lesser offense of possession...should simply be reversed without affecting
4   the conviction for the more serious crime."  In this case, there was
    overwhelming evidence presented that Greenberg was guilty of the greater
5   offense of grand larceny of the camcorder.  In particular, an eyewitness
    found Greenberg in the casino nightclub, which was not open for business,
6   and a subsequent search of his backpack by a night club employee
    revealed the night club's camcorders.  Although Greenberg attempted to
7   flee, he was apprehended by police; when Greenberg was arrested, he had
    the camcorders, as well as other stolen property and burglary tools in his
8   possession.  Because the elements of the greater offense were sufficiently
    established, we conclude that the district court did not err in dismissing the
9   stolen property count as impermissibly redundant.

10  Exhibit 21, pp. 3-4.

11          It is apparent that the Nevada Supreme Court's decision considered and properly

12  applied the relevant United States Supreme Court decision in the matter.  Petitioner cannot assert

13  that the decision was contrary to or an unreasonable application of clearly established federal law.

14  Ground two must be denied.

15                  Ground Three

16          In this ground, petitioner claims he received ineffective assistance of trial counsel.

17          To prove ineffective assistance of counsel, petitioner must prove (1) that his

18  attorney's actions were outside the wide range of professionally competent assistance, and (2) that

19  counsel's action's prejudiced him.  *Strickland v. Washington*, 466 U.S. 668, 687-90 (1984).

20          Petitioner contends counsel failed to communicate "as to the facts and circumstances

21  and the events that led to the charges being levied against" petitioner and attempted to coerce him to

22  plead guilty, failed to investigate or develop a defense theory, failed to file pretrial motions to

23  suppress or exclude evidence, and did not present mitigating evidence at trial.

24          While Counsel has "a duty to make reasonable investigations or to make a reasonable

25  decision that makes particular investigations unnecessary," *Strickland,* 466 U.S. at 691, the decision

26  not to investigate "must be directly assessed for reasonableness in all the circumstances." *Wiggins v.*

6

1  *Smith*, 539 U.S. 510, 533 (2003) (quoting *Strickland*, 466 U.S. at 691). *See also Kimmelman v.*

2  *Morrison*, 477 U.S. 365, 385 (1986) (counsel "neither investigated, nor made a reasonable decision

3  not to investigate"); *Babbitt v. Calderon*, 151 F.3d 1170, 1173-74 (9th Cir.1998).  The decision must

4  be reviewed "in light of the strength of the government's case." *Bragg v. Galaza*, 242 F.3d 1082,

5  1088 (9th Cir.2001) (quoting *Eggleston v. United States,* 798 F.2d 374, 376 (9th Cir.1986)).

6            Petitioner's claim is without specifics as to what the facts and circumstances were

7  which counsel should have discussed, what defense theories might have been developed, what

8  pretrial motions could have or should have been made and what mitigating evidence was available to

9  counsel, had further investigation been conducted.  It is the petitioner's obligation to support his

10  claims with specific facts. *Wildman v. Johnson,* 261 F.3d 832, 838 (9th Cir. 2001); *Jones v. Gomez,*

11  66 F.3d 199, 205 (9th Cir. 1995).  Moreover, as counsel stated in his defense when petitioner moved

12  for his removal, and was demonstrated at trial, the state's case was very strong.  There were

13  eyewitnesses and petitioner was caught in possession of the stolen items.  Without more, this court

14  cannot conclude that the Nevada Supreme Court's decision to deny the claim was objectively

15  unreasonable. [3]

16            Ground Four

17             In ground four petitioner alleges that his Sixth, and Fourteenth Amendment rights

18  were violated when his appellate counsel failed to communicate and discuss the appeal process with

19  petitioner and raise claims "substantial and meritorious claims" on direct appeal.   Petitioner

20  contends that on direct appeal, counsel should have raised grounds three through seven presented in

21  his federal petition.

22            Effective assistance of appellate counsel is guaranteed by the Due Process Clause of

23  the Fourteenth Amendment. *Evitts v. Lucey*, 469 U.S. 387, 391-405 (1985).  Claims of ineffective

24  assistance of appellate counsel are reviewed according to *Strickland's* two-pronged test. *Miller v.*

25

26            [3] The Nevada Supreme Court said, "Appellant did not specify the facts or circumstances that he was unable to communicate to counsel. Thus he failed to demonstrate that further communication would have changed the result of the trial."  Exhibit 36, p. 4.

7

1  *Keeney*, 882 F.2d 1428, 1433 (9ᵗʰ Cir.1989)*; United States v. Birtle*, 792 F.2d 846, 847 (9ᵗʰ

2  Cir.1986).

3            Initially, the court notes that under Nevada law, because of the frequent need for an

4  evidentiary hearing to develop the pertinent facts, claims of ineffective assistance of trial and

5  appellate counsel are not properly raised on direct appeal. *Archanian v. State,* 122 Nev. 1019, 145

6  P.3d 1008 (2006); *Pellegrini v. State,* 117 Nev. 860, 883, 34 P.3d 519, 534 (2001).  Thus, counsel's

7  failure to bring the claims raised in ground three and this instant claim or ineffective assistance of

8  appellate counsel does not constitute ineffective performance.

9            As to grounds five, six, and seven, petitioner has not shown that the omitted claims

10  had a reasonable probability of success on the merits, thus he cannot demonstrate the requisite

11  prejudice arising from counsel's performance.  In ground five petitioner alleges his Fifth, Sixth, and

12  Fourteenth amendment rights were violated when the state failed to gather and preserve exculpatory

13  evidence, namely, the camcorders and laptop that were found on him.  Petitioner states that without

14  the actual items the value of the items could not be established, and thus he could not be properly

15  convicted of grand larceny.  In ground six petitioner argues that there was insufficient evidence to

16  convict him of grand larceny.

17            On appeal the from the lower court's denial of post-conviction relief, the Nevada

18  Supreme Court stated the following:

19            Appellant . . . claimed that appellate counsel was ineffective for
failing to raise a claim that he was denied his due process rights when the
20            State failed to keep the two camcorders and the computer that he had
stolen, and instead returned these items to their rightful owners.
21            Specifically, appellant claims that those items were necessary to establish
an element of the offense; namely, the value of the stolen goods. Appellant
22            claimed that the total value of those items was less than $250.00, and thus
that the evidence was exculpatory because it would have established that
23            he was guilty of a misdemeanor rather than a category C felony. [fn 18: *See*
NRS 205.275(2).] Appellant failed to demonstrate that he was prejudiced.
24            In order to support a conviction for felony possession of stolen property, the
prosecution must establish, beyond a reasonable doubt, that the stolen
25            goods had a fair market value over $250.00. [fn 19: *Bryant v. State*, 114
Nev. 626, 629-30, 959 P.2d 964, 966 (1998).] There is no requirement that
26            the goods themselves be produced at trial. [fn 20: In fact, NRS 205.290
requires that all property found "in the possession of any receiver or

8

1

wrongful possessor of stolen property, shall be restored to the owner." ] Multiple witnesses described the stolen property. Moreover, testimony at trial established that the two camcorders had a combined market value of at least $700.00 and the laptop computer had a fair market value of at lest $1,500.00 dollars [sic]. Because there was sufficient evidence to support the jury's conclusion that the value of the stolen property exceeded $250.00, we conclude that appellant failed to demonstrate that this claim had a reasonable probability of success on appeal. Therefore, the district court did not err in denying this claim.

Exhibit 36. The Nevada Supreme Court's determination is not objectively unreasonable. There is

not a reasonable probability that had grounds five and six been raised on direct appeal that the

outcome of the appeal would have been different.

In ground seven petitioner alleges that his Sixth and Fourteenth Amendment rights

were violated when the state district court improperly imposed a habitual criminal sentence, in

violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The Nevada Supreme Court affirmed the

lower court's denial of the claim, stating:

> Appellant failed to demonstrate that he was prejudiced. This court has previously decided that Nevada's habitual criminal statute does not violate *Apprendi*. [fn 23: *See O'Neill v. State*, 123 Nev. 9, 17, 153 P.3d 38, 43 (2007).] Accordingly, appellant failed to demonstrate that this claim had a reasonable probability of success on appeal.

Exhibit 36. The Nevada Supreme Court's determination is not objectively unreasonable. The

United States Supreme Court held, in *Apprendi*, "[o]ther than the fact of a prior conviction, any fact

that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to

a jury, and proved beyond a reasonable doubt." 540 U.S. at 490. In the instant case, petitioner's

sentence was not increased due to any fact other than his prior convictions. Furthermore, the Ninth

Circuit has stated, in *Tilcock v. Budge*, 538 F.3d 1138 (9th Cir. 2008), that Nevada's habitual

criminal statute does not violate *Apprendi*. Petitioner has not shown that there is a reasonable

probability that had ground seven been raised on direct appeal that the outcome of the appeal would

have been different. As a result he has not demonstrated that his appellate counsel was ineffective.

Ground four shall be denied.

1  **IV.     Certificate of Appealability**

2          In order to proceed with his appeal, petitioner must receive a certificate of

3  appealability.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1;  *Allen v. Ornoski,* 435

4  F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir.

5  2001).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional

6  right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529

7  U.S. 473, 483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the

8  district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529

9  U.S. at 484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating

10  that the issues are debatable among jurists of reason; that a court could resolve the issues differently;

11  or that the questions are adequate to deserve encouragement to proceed further.  *Id.*

12          Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing

13  Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in

14  the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a

15  notice of appeal and request for certificate of appealability to be filed.  Rule 11(a).  This Court has

16  considered the issues raised by petitioner, with respect to whether they satisfy the standard for

17  issuance of a certificate of appealability, and determines that none meet that standard.  The Court

18  will therefore deny petitioner a certificate of appealability.

19          **IT IS THEREFORE ORDERED** that the petition for writ of habeas corpus (docket

20  #7) is **DENIED**.

21          **IT IS FURTHER ORDERED** that no certificate of appealability is warranted and

22  none shall issue.  The Clerk shall enter judgment accordingly.

23          DATED this 23rd day of August, 2010.

24

25          _Edward C. Reed._

26          UNITED STATES DISTRICT JUDGE

10