```
                    FILED          RECEIVED
                    ENTERED        SERVED ON
                                   COUNSEL/PARTIES OF RECORD

                         DEC 2 8 2010

                    CLERK US DISTRICT COURT
                      DISTRICT OF NEVADA
                                           DEPUTY
               BY:
```

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JESSE GREENBERG,

        Petitioner,

3:08-cv-0636-ECR-RAM

vs.

ORDER

BILL DONAT, *et al.*,

        Respondents.

        This action is a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Jesse Greenberg, a Nevada prisoner. Before the Court is Motion for Rehearing (docket #31). Respondents oppose reconsideration and petitioner has replied.[1]

        Petitioner offers no legal authority to allow his motion for rehearing. However, where a ruling has resulted in final judgment or order, a motion for rehearing may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v.*

---

[1] Respondents also ask the Court to amend its order denying the petition wherein the Court stated that petitioner had been sentenced as to Count III of the charging document, because that charge was dismissed by the trial judge after the jury entered its verdicts. The Court hereby acknowledges that the Judgement of Conviction, Exhibit 14, does not reflect a sentence as to Count III. However, the Court notes that the transcript of the sentencing hearing, Exhibit 13, does, in fact, contain the trial court's imposition of sentence as to Count III. *See,* Exhibit 13, p. 7, line 15. The Court further acknowledges that the judgment of conviction does not contain a sentence for Count III. The Order denying the petition shall be amended to reflect these facts.

1 | *AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

2 |       Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Further, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook*, 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999).

      Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

      Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion for rehearing, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987).

      In his motion, petitioner argues the Court's denial of relief as to ground one was in error citing to *United States v. Gonzalez*, 113 F.3d 1026 (9th Cir. 1997) for the proposition that the trial court created a conflict between him and his counsel by questioning the attorney in open court with petitioner present. Petitioner's arguments are not persuasive and he presents no evidence of clear error in the Court's denial of relief.

      Neither are petitioner's arguments persuasive as to grounds two or ground three. The

trial court's dismissal of the guilty verdict as to the duplicative charge in Count III of the Information was not a due process violation. The jury's intentions were made clear in their verdicts. The trial court's actions were not improper. Counsel's performance was not deficient under *Strickland* and the Nevada Supreme Court's conclusions in that regard were not in error under 28 U.S.C. § 2254.

**IT IS THEREFORE ORDERED** that the Motion for Rehearing (docket #31) is **DENIED.**

**IT IS FURTHER ORDERED** that the Court's Order of August 23, 2010 (docket #29) shall be amended to reflect more fully the procedural history of petitioner's criminal trial. Such Amended Order shall be filed herewith.

DATED this 27 day of December, 2010.

*Edward C. Reed.*
UNITED STATES DISTRICT JUDGE