FILED _____ RECEIVED _____
ENTERED _____ SERVED ON _____
COUNSEL/PARTIES OF RECORD

DEC 2 8 2010

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JESSE GREENBERG,  )
            )
    Petitioner,  )   3:08-cv-0636-ECR-RAM
            )
vs.          )
            )   <u>AMENDED ORDER</u>
BILL DONAT, *et al.*,  )
            )
            )
    Respondents.  )
_____)

       This action is a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Jesse Greenberg, a Nevada prisoner. Before the Court is respondents' answer and petitioner's reply.

**I.   Procedural History**

       On October 20, 2004, petitioner was charged by amended information in the Eighth Judicial District Court for Clark County with burglary (count I), grand larceny (count II), two counts of possession of stolen property (counts III and IV), and possession of burglary tools (count V) after waiving his right to a preliminary hearing. Exhibits 2 and 6.[1] A jury trial was held on April 25 and 26, 2005. Exhibits 11 and 12. The jury convicted the petitioner as charged. Exhibit 12. However, following the reading of the verdicts, the Court determined there had been an error and dismissed Count III as an alternative charge to Count II. On June 9, 2005, the state district court conducted a

---

[1] The exhibits cited in this order in the form "Exhibit ___," are those filed by respondents in support of their motion to dismiss, and are located in the record at docket #11.

1  sentencing hearing, adjudicating petitioner as a habitual criminal and imposing concurrent sentences
2  of life imprisonment with parole eligibility in ten years for the convictions for burglary, grand
3  larceny and possess of stolen property. Exhibit 13. The court sentenced petitioner to time served on
4  Count V, possession of burglary tools. *Id.* A judgment of conviction was entered on July 6, 2005.
5  Exhibit 14.

6          Petitioner appealed, arguing (1) the district court erred in denying petitioner's motion
7  for substitution of counsel; and (2) the district court violated petitioner's Fifth, Sixth, and Fourteenth
8  Amendment rights when it failed to send the jury back to deliberate after it returned a verdict of not
9  guilty on alternative counts. Exhibits 15 and 17. On July 6, 2006, the Nevada Supreme Court
10 affirmed the judgment of conviction. Exhibit 21. Remittitur issued on August 2, 2006. Exhibit 22.

11         Petitioner filed a motion to correct illegal sentence with the district court on October
12 12, 2006, alleging that his habitual criminal sentences were illegal. Exhibit 23. The state district
13 court denied the motion to correct illegal sentence. Exhibit 26. On April 24, 2007, the Nevada
14 Supreme Court affirmed the lower court's denial of the motion. Exhibit 28. Remittitur issued on
15 May 22, 2007. Exhibit 29.

16         Petitioner then filed a state habeas corpus petition on July 24, 2007, alleging six
17 grounds for relief. Exhibit 30. The state district court denied the petition, and the Nevada Supreme
18 Court affirmed the denial on appeal. Exhibits 34-36. Remittitur issued on December 16, 2008.
19 Exhibit 37.

20         Petitioner mailed a federal habeas corpus petition to this Court on December 3, 2008
21 (docket #7). Respondents moved to dismiss the petition (docket #11). The court determined that
22 grounds five, six, and seven had been procedurally defaulted in state court and directed respondents
23 to answer the remaining claims. Based on the following discussion, the court finds that the petition
24 shall be denied.

25 **II.    Legal Standard for Habeas Review**

26         Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. §

2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693-694 (2002). A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of § 2254 "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003), *citing Williams v. Taylor*, 529 U.S. 362, 405-406 (2000); *Bell v. Cone*, 535 U.S. 685, 694 (2002).

Furthermore, a state court decision is an unreasonable application of clearly established Supreme Court precedent "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer*, 538 U.S. at 73. The "unreasonable application" clause requires the state court decision to be more than merely incorrect or erroneous; the state court's application of clearly established federal law must be objectively unreasonable. *Id.* The state court's factual determinations are presumed to be correct, and the petitioner has the burden of rebutting that presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

**III.   Discussion**

<u>Ground One</u>

3

1  Petitioner's claim is that the trial court improperly denied his motion to substitute counsel as there was an irreconcilable conflict between petitioner and his retained counsel. Petitioner further complains that the court erred in hearing his motion in open court.

A criminal defendant has a Sixth Amendment right to conflict free representation. *U.S. v. Moore*, 159 F.3d 1154, 1157 (9th Cir. 1998). While a criminal defendant is not entitled to a particular lawyer with whom he can have a "meaning ful attorney-client relationship, *Morris v. Slappy*, 461 US. 1, 3-4 (1983), if the relationship between an attorney and his client "completely collapses," the failure to appoint new counsel violates the defendant's Sixth Amendment right to the effective assistance of counsel. *U.S. v. Moore*, 159 F.3d 1158; *Brown V. Craven*, 424 F.2d 1166, 1170 (9th Cir. 1970). In deciding whether counsel should be substituted, the court should consider three factors: (1) the extent of the conflict; (2) the adequacy of the inquiry; and (3) the timeliness of the motion. *Id.* at 1158-1159.

Here, petitioner claims an irreconcilable conflict because his retained counsel,[2] James Buchanan, failed to communicate with him enough, failed to file pre-trial motions, tried to coerce him into accepting a guilty plea and argued with him in open court. At a hearing less than a week before trial, petitioner made an oral motion for substitution of counsel stating, "Right now I'm unsatisfied with the service I'm getting from Mr. Buchanan. I'd like to be appointed another counsel." Exhibit 10, p. 22. The court asked petitioner what his concerns were and then told petitioner he would not be getting new counsel because it was on the eve of trial. *Id.*

The record reveals that the trial court considered the timeliness of the motion and the extent of the conflict. The court's inquiry allowed petitioner the opportunity to express his concerns and to identify the inadequacies in counsel's performance.

The state court considered this claim on direct appeal. There the Nevada Supreme Court denied relief applying the same standard as is articulated in *U.S. v. Moore*. The court properly

---

[2] According to the petition, Mr. Buchanan was petitioner's second counsel, having substituted in place of the public defender.

4

found that petitioner had failed to show a significant breakdown in the attorney-client relationship, particularly where counsel advised the trial court that he had provided and discussed discovery with petitioner, along with potential defense strategies and a pending plea offer. The Nevada Supreme Court properly found that the trial court's consideration and determination was adequate to justify its decision to deny new counsel on the eve of trial. No relief is warranted on ground one of the petition.

### Ground Two

Petitioner next claims that his right to due process was denied when the trial court improperly dismissed the charge and guilty verdict on the possession of stolen property after the jury mistakenly found petitioner guilty of both the alternative charges of grand larceny and possession of stolen property. Petitioner contends that the jury was not properly instructed that the two charges were alternatives and they were required to choose only one. Petitioner contends the court was required to let the jury correct its own error by reconsidering which of the alternative crimes it meant to conviction petitioner of committing.

Under Nevada law, a person cannot be convicted of both theft of property and the possession of that same stolen property. *Stowe v. State*, 109 Nev. 743, 746 (1993); *Point v. State*, 102 Nev. 143, 717 P.2d 38, 41 (1986). Additionally, "[w]here the accused cannot be convicted of both crimes, both convictions are reversible when the reviewing court cannot ascertain what verdict would have been returned by a properly instructed jury." *Pointe v. State*, 102 Nev 143, 147, 717 P. 2d 38, 41 (Nev. 1986) (overturned on other grounds by *Stowe v. State*, 109 Nev. 743, 857 P2d 15 (Nev 1993) *citing Milanovich v. U.S.* 365 U.S. 551 555-556 (1961). However, in this instance, the Nevada Supreme Court properly analyzed the claim, stating:

> Greenberg notes that the verdict forms and jury instructions failed to state that the charges involving the stolen camcorder were brought in the alternative. Citing to *Milanovich v. United States*, [fn 6 365 U.S. 551 (1961) (construing federal statute and concluding that a defendant is entitled to a new trial when he is convicted of both theft and possession of stolen property). We note that *Milanovich* has been called into doubt by *United States v. Gaddis*, 424 U.S. 544 (1976). *See U.S. v. Brown*, 996 F.3d 1049, 1055-56 (19=0th Cir. 1993) ("Every appellate court decision

> since *Gaddis* has similarly concluded that a new trial is not required where the defendant is convicted of both theft and possession and both were properly submitted to the jury." (Citing numerous federal cases.). Greenberg argues that the district court impermissibly usurped the function of the jurors by speculating on which verdict they actually intended. We disagree.
>
> This court has recognized that if a defendant is convicted of both a theft offense and possession of stolen property for the same act of theft, and "the elements of the greater offense are sufficiently established, the lesser offense of possession...should simply be reversed without affecting the conviction for the more serious crime." In this case, there was overwhelming evidence presented that Greenburg was guilty of the greater offense of grand larceny of the camcorder. In particular, an eyewitness found Greenberg in the casino nightclub, which was not open for business, and a subsequent search of his backpack by a night club employee revealed the night club's camcorders. Although Greenberg attempted to flee, he was apprehended by police; when Greenberg was arrested, he had the camcorders, as well as other stolen property and burglary tools in his possession. Because the elements of the greater offense were sufficiently established, we conclude that the district court did not err in dismissing the stolen property count as impermissibly redundant.

Exhibit 21, pp. 3-4.

It is apparent that the Nevada Supreme Court's decision considered and properly applied the relevant United States Supreme Court decision in the matter. Petitioner cannot assert that the decision was contrary to or an unreasonable application of clearly established federal law. Ground two must be denied.

Ground Three

In this ground, petitioner claims he received ineffective assistance of trial counsel.

To prove ineffective assistance of counsel, petitioner must prove (1) that his attorney's actions were outside the wide range of professionally competent assistance, and (2) that counsel's actions prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687-90 (1984).

Petitioner contends counsel failed to communicate "as to the facts and circumstances and the events that led to the charges being levied against" petitioner and attempted to coerce him to plead guilty, failed to investigate of develop a defense theory, failed to file pretrial motions to suppress or exclude evidence, and did not present mitigating evidence at trial.

6

While Counsel has "a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary," *Strickland*, 466 U.S. at 691, the decision not to investigate "must be directly assessed for reasonableness in all the circumstances." *Wiggins v. Smith*, 539 U.S. 510, 533 (2003) (quoting *Strickland*, 466 U.S. at 691). *See also Kimmelman v. Morrison*, 477 U.S. 365, 385 (1986) (counsel "neither investigated, nor made a reasonable decision not to investigate"); *Babbitt v. Calderon*, 151 F.3d 1170, 1173-74 (9th Cir.1998). The decision must be reviewed "in light of the strength of the government's case." *Bragg v. Galaza*, 242 F.3d 1082, 1088 (9th Cir.2001) (quoting *Eggleston v. United States*, 798 F.2d 374, 376 (9th Cir.1986)).

Petitioner's claim is without specifics as to what the facts and circumstances were which counsel should have discussed, what defense theories might have been developed, what pretrial motions could have or should have been made and what mitigating evidence was available to counsel, had further investigation been conducted. It is the petitioner's obligation to support his claims with specific facts. *Wildman v. Johnson*, 261 F.3d 832, 838 (9th Cir. 2001); *Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995). Moreover, as counsel stated in his defense when petitioner moved for his removal, and was demonstrated at trial, the state's case was very strong. There were eyewitnesses and petitioner was caught in possession of the stolen items. Without more, this court cannot conclude that the Nevada Supreme Court's decision to deny the claim was objectively unreasonable.[3]

Ground Four

In ground four petitioner alleges that his Sixth, and Fourteenth Amendment rights were violated when his appellate counsel failed to communicate and discuss the appeal process with petitioner and raise claims "substantial and meritorious claims" on direct appeal. Petitioner contends that on direct appeal, counsel should have raised grounds three through seven presented in his federal petition.

---

[3] The Nevada Supreme Court said, "Appellant did not specify the facts or circumstances that he was unable to communicate to counsel. Thus he failed to demonstrate that further communication would have changed the result of the trial." Exhibit 36, p. 4.

7

Effective assistance of appellate counsel is guaranteed by the Due Process Clause of the Fourteenth Amendment. *Evitts v. Lucey,* 469 U.S. 387, 391-405 (1985). Claims of ineffective assistance of appellate counsel are reviewed according to *Strickland's* two-pronged test. *Miller v. Keeney,* 882 F.2d 1428, 1433 (9th Cir.1989); *United States v. Birtle,* 792 F.2d 846, 847 (9th Cir.1986).

Initially, the court notes that under Nevada law, because of the frequent need for an evidentiary hearing to develop the pertinent facts, claims of ineffective assistance of trial and appellate counsel are not properly raised on direct appeal. *Archanian v. State,* 122 Nev. 1019, 145 P.3d 1008 (2006); *Pellegrini v. State,* 117 Nev. 860, 883, 34 P.3d 519, 534 (2001). Thus, counsel's failure to bring the claims raised in ground three and this instant claim or ineffective assistance of appellate counsel does not constitute ineffective performance.

As to grounds five, six, and seven, petitioner has not shown that the omitted claims had a reasonable probability of success on the merits, thus he cannot demonstrate the requisite prejudice arising from counsel's performance. In ground five petitioner alleges his Fifth, Sixth, and Fourteenth amendment rights were violated when the state failed to gather and preserve exculpatory evidence, namely, the camcorders and laptop that were found on him. Petitioner states that without the actual items the value of the items could not be established, and thus he could not be properly convicted of grand larceny. In ground six petitioner argues that there was insufficient evidence to convict him of grand larceny.

On appeal the from the lower court's denial of post-conviction relief, the Nevada Supreme Court stated the following:

> Appellant . . . claimed that appellate counsel was ineffective for failing to raise a claim that he was denied his due process rights when the State failed to keep the two camcorders and the computer that he had stolen, and instead returned these items to their rightful owners. Specifically, appellant claims that those items were necessary to establish an element of the offense; namely, the value of the stolen goods. Appellant claimed that the total value of those items was less than $250.00, and thus that the evidence was exculpatory because it would have established that he was guilty of a misdemeanor rather than a category C felony. [fn 18: *See* NRS 205.275(2).] Appellant failed to demonstrate that he was prejudiced.

8

> In order to support a conviction for felony possession of stolen property, the prosecution must establish, beyond a reasonable doubt, that the stolen goods had a fair market value over $250.00. [fn 19: *Bryant v. State*, 114 Nev. 626, 629-30, 959 P.2d 964, 966 (1998).] There is no requirement that the goods themselves be produced at trial. [fn 20: In fact, NRS 205.290 requires that all property found "in the possession of any receiver or wrongful possessor of stolen property, shall be restored to the owner."] Multiple witnesses described the stolen property. Moreover, testimony at trial established that the two camcorders had a combined market value of at least $700.00 and the laptop computer had a fair market value of at lest $1,500.00 dollars [sic]. Because there was sufficient evidence to support the jury's conclusion that the value of the stolen property exceeded $250.00, we conclude that appellant failed to demonstrate that this claim had a reasonable probability of success on appeal. Therefore, the district court did not err in denying this claim.

Exhibit 36. The Nevada Supreme Court's determination is not objectively unreasonable. There is not a reasonable probability that had grounds five and six been raised on direct appeal that the outcome of the appeal would have been different.

In ground seven petitioner alleges that his Sixth and Fourteenth Amendment rights were violated when the state district court improperly imposed a habitual criminal sentence, in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The Nevada Supreme Court affirmed the lower court's denial of the claim, stating:

> Appellant failed to demonstrate that he was prejudiced. This court has previously decided that Nevada's habitual criminal statute does not violate *Apprendi*. [fn 23: *See O'Neill v. State*, 123 Nev. 9, 17, 153 P.3d 38, 43 (2007).] Accordingly, appellant failed to demonstrate that this claim had a reasonable probability of success on appeal.

Exhibit 36. The Nevada Supreme Court's determination is not objectively unreasonable. The United States Supreme Court held, in *Apprendi*, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 540 U.S. at 490. In the instant case, petitioner's sentence was not increased due to any fact other than his prior convictions. Furthermore, the Ninth Circuit has stated, in *Tilcock v. Budge*, 538 F.3d 1138 (9th Cir. 2008), that Nevada's habitual criminal statute does not violate *Apprendi*. Petitioner has not shown that there is a reasonable probability that had ground seven been raised on direct appeal that the outcome of the appeal would

have been different. As a result he has not demonstrated that his appellate counsel was ineffective. Ground four shall be denied.

### IV. Certificate of Appealability

In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id. (quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The Court will therefore deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that the petition for writ of habeas corpus (docket #7) is **DENIED.**

**IT IS FURTHER ORDERED** that no certificate of appealability is warranted and

1 | none shall issue. The Clerk shall enter judgment accordingly.

2 |     DATED this __28__ day of December, 2010.

*Edward C. Reed*

UNITED STATES DISTRICT JUDGE

11